UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER C. CLOSE,        ) | 1:06-CV-01531 AWI LJO HC |
| ) | |
| Petitioner,        ) | ORDER DISMISSING PETITION WITH |
| ) | LEAVE TO FILE AMENDED PETITION |
| v.        ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO SEND PETITIONER BLANK PETITION |
| DENNIS SMITH,        ) | FOR WRIT OF HABEAS CORPUS |
| ) | |
| Respondent.        ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On October 31, 2006, Petitioner filed the instant petition for writ of habeas corpus in this Court.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

1  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of
2  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
3  dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be
4  dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded
5  were such leave granted.  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

6  <u>B.   Failure to State a Discernable Claim</u>

7         Petitioner must state his claim with sufficient specificity. <u>See</u> <u>Hendricks v. Vasquez</u> 908 F.2d
8  at 491-92; <u>Wacht v. Cardwell</u>, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules
9  Governing Habeas Corpus Action (emphasis added) states:

> The petition must:
> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

14         The instant petition is incomplete.  Petitioner's claim is difficult to ascertain from the
15 information provided, but the petition appears to challenge Bureau of Prison ("BOP") policy with
16 respect to 18 U.S.C. § 3621(b). Petitioner requests that he immediately be transferred to a
17 Residential Re-entry Center ("RRC") for the remainder of his sentence. However, Petitioner
18 provides no factual background as to the manner the BOP is violating his rights. While it is true
19 several federal courts including this Court have found the 2002 and 2005 BOP regulations to be
20 contrary to 18 U.S.C. § 3621(b) and the courts have ordered the BOP to consider the factors set forth
21 in 18 U.S.C. § 3621(b) without reference to the 2002 and 2005 policies, Petitioner fails to state how
22 he has been affected. He does not set forth the length of his sentence, he does not state his projected
23 release date, and he does not state whether the BOP has considered him for RRC placement, and if
24 so, how long a placement he will be given.

25         From the information provided, the Court cannot determine if a violation of Petitioner's
26 rights has occurred. Therefore, the petition must be dismissed. However, Petitioner will be given an
27 opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that failure
28 to file a petition in compliance with this order within the allotted time will result in a

1 recommendation that the petition be dismissed and the action be terminated. Petitioner is advised
2 that the amended petition should be titled "First Amended Petition" and must reference the instant
3 case number.

## ORDER

Accordingly, the petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order. The Clerk of Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2241.

IT IS SO ORDERED.

**Dated:   November 29, 2006**             /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE