# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER C. CLOSE,            )<br>                                                         )<br>                    Petitioner,      )<br>                                                         )<br>        v.                                          )<br>                                                         )<br>DENNIS SMITH,                            )<br>                                                         )<br>                    Respondent.  )<br>_____) | 1:06-CV-01531 AWI NEW (DLB) HC<br><br>ORDER TO ENTER JUDGMENT AND<br>CLOSE CASE |

   Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

   On December 20, 2006, this Court granted the petition for writ of habeas corpus. Respondent was ordered to consider the appropriateness of transferring Petitioner to a residential re-entry center ("RRC") in light of the factors set forth in 18 U.S.C. §§ 3621(b), not excluding any other factors deemed appropriate by the BOP, without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21. Respondent was directed to make this determination within 14 days of the date of the December 20, 2006, Order (hereinafter "Order").

   On January 12, 2007, Respondent filed a motion for stay of the Order. On January 19, 2007, Petitioner filed a motion for enforcement of the judgment, and on January 22, 2007, an opposition to Respondent's motion to stay. The Court granted the motion for stay on February 12, 2007, and

1  denied the motion to enforce judgment. Respondent was ordered to comply with the order granting
2  the petition prior to July 31, 2007.
3      On June 1, 2007. Respondent filed a verification of compliance and request for entry of
4  judgment. Respondent has submitted a copy of the form "Institutional Referral for CCC Placement"
5  which shows Petitioner was considered for transfer to an RRC. According to the form, it was
6  determined on May 17, 2007, that Petitioner would spend between 150-180 days in an RRC.
7      Petitioner filed an opposition to the notice on June 11, 2007. Petitioner complains an
8  evaluation was not conducted as ordered by the Court. Petitioner points to language in Box #8 which
9  states "N/A" in the answer provided for "Assignment." The Court fails to see how this language
10 demonstrates the evaluation was not conducted in compliance with the Order. Moreover, in Box #11,
11 Respondent states the evaluation was conducted in compliance with the Order. There is no evidence
12 to find otherwise.
13     Petitioner also complains that Respondent's reliance on Program Statement § 7310.04
14 violates 18 U.S.C. § 3621 in the same manner as 28 U.S.C. §§ 570.20, 570.21. However, this claim
15 is not properly before this Court since it was not presented in the petition. In any case, the claim is
16 without merit. Program Statement 7310.04 does not limit the BOP's discretion like 28 C.F.R.
17 §§ 570.20, 570.21. It only requires the BOP conduct an assessment within 11 to 13 months from the
18 date of the projected release date, thereby assuring the inmate receives a timely assessment. The
19 program statement does not preclude the BOP from exercising its discretion and conducting an
20 assessment at any time during an inmate's sentence. Therefore, the program statement does not run
21 afoul of 18 U.S.C. § 3621(b).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

**Dated:   June 13, 2007**                    /s/ Anthony W. Ishii
                                                                     UNITED STATES DISTRICT JUDGE